**James SIGHT and Ralph E. Lewis, Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION, Defendant.**

Civ. A. No. 94–2033 EEO.

United States District Court, D. Kansas.

April 29, 1994.

Thomas A. Sheehan, Russell S. Jones, Jr., and James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for plaintiffs.

Paul M. Laurenza, Pettit & Martin, Washington, DC, and Anthony M. Whalen, Fields & Brown, Kansas City, MO, for defendant.

## *MEMORANDUM AND ORDER*

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant Resolution Trust Corporation's ("RTC") motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction (Doc. # 3). Also pending before the court is the RTC's Motion for Leave to File an additional case authority which was decided subsequent to the RTC's briefing of their motion. Plaintiffs have responded and oppose both motions. Having reviewed the parties' briefs, the court is now prepared to rule. The court finds that all facts and legal issues have been adequately set forth by the parties, and thus, oral arguments would not materially assist the court in its determination of this matter.

## I. *Factual Background*

The RTC has been appointed Receiver of Pioneer Savings and Loan Association ("Pioneer"), a failed Kansas savings institution. Pursuant to its statutory authority, the RTC has undertaken an investigation of certain directors of Pioneer. The order of investigation recited that the RTC was conducting an investigation to determine whether:

> former officers, directors and others who provided services to, or otherwise dealt with, Pioneer, its successors or affiliates may be liable as a result of any actions, or failures to act, in connection with or which may have affected Pioneer, its successors or affiliates. . . .

Order of Investigation, p. 1. The order also recited that the RTC was acting pursuant to statutory authority provided in 12 U.S.C. §§ 1818(n) and 1821(d)(2)(I). As part of this investigation, on November 18, 1993, the RTC served subpoenas duces tecum on James W. Sight and Ralph E. Lewis, both former members of the board of directors of Pioneer.

Following receipt of the subpoenas duces tecum, plaintiffs filed their objections and a motion to quash the subpoenas with the RTC. In that motion, plaintiffs objected to the issuance of the subpoenas on various grounds, including that the subpoenas were overbroad, requested irrelevant and confidential information, and breached plaintiffs' constitutional rights of privacy and due process of law. The RTC denied plaintiffs' motion, and directed plaintiffs to comply with their subpoenas duces tecum within ten days. The RTC advised plaintiffs that if they failed to so comply, the RTC would "take action to ensure compliance with the subpoenas."

Thereafter, plaintiffs filed a complaint in this court seeking declaratory and injunctive relief. Specifically, plaintiffs moved the court to declare the subpoenas invalid and unenforceable, and requested the court to enjoin the RTC from compelling production of the subpoenaed information.

To date, the RTC has not sought enforcement of the subpoenas duces tecum in this or any other court. In response to plaintiffs' complaint, the RTC has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). The RTC argues that inasmuch as it has not instituted enforcement proceedings against the plaintiffs, this court lacks subject matter jurisdiction to rule on the validity of the subpoenas.

## II. *Discussion*

The court knows of no reason why the additional case cited by the RTC in its motion for Leave to File an additional case authority, *Lopes v. RTC*, CA 94–65–B (D.R.I. Apr. 11, 1994), should not be considered, and thus the RTC's Motion for Leave to File is granted.

 It is well established that pre-enforcement challenges to administrative subpoenas are not ripe for judicial review. Administrative subpoenas are not self-executing, that is, they are only binding upon court order:

> Due to lack of jurisdiction, the courts will not entertain motions brought by the subpoenaed party to quash or modify subpoenas. . . . Since agencies lack the power to enforce their own subpoenas, they must apply to the district courts for enforcement. Only then may substantive or procedural objections to the subpoena be raised for judicial determination.

Stein, Mitchell, and Mezines, *Administrative Law* 21.01(1) at 21–4 (1990). Subpoenas issued by the RTC, like other agency subpoenas, are not self-executing. The statutory provision pursuant to which RTC subpoenas are issued, 12 U.S.C. § 1818(n), provides that the administrative agency issuing the subpoena:

> may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district . . . where the witness resides or carries on business, for enforcement of any subpena (sic) or subpena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith.

Consequently, until the RTC files an enforcement action, plaintiffs are under no legal compulsion to comply with the subpoenas.

The court finds that this issue is controlled by *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), and *Belle Fourche Pipeline Co. v. United States,* 751 F.2d 332 (10th Cir.1984). In *Reisman,* the Internal Revenue Service ("IRS") issued administrative summons to an accounting firm. The IRS sought production of various taxpayers' financial records. The taxpayers' attorneys moved the district court for declaratory and injunctive relief against enforcement of the IRS subpoenas, based on the contentions that the subpoenaed material was attorney work-product and that its disclosure could incriminate the taxpayers and deny them effective assistance of counsel. The Supreme Court denied relief, holding that plaintiffs had an adequate remedy at law because they could raise their claims in any proceeding brought by the IRS to enforce the administrative subpoenas.

Noting that the IRS subpoenas were not self-executing, the court in *Reisman* stated:

> If the Secretary or his delegate wishes to enforce the summons, he must proceed under § 7402(b), which grants the District Courts of the United States jurisdiction "by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." Any enforcement action under this section would be an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witnesses.

375 U.S. at 445–46, 84 S.Ct. at 512.

The Tenth Circuit has expressly followed *Reisman* on the issue of judicial review of administrative subpoenas. In *Belle Fourche Pipeline Co. v. United States,* 751 F.2d 332 (10th Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985), the Federal Energy Regulatory Commission ("FERC") issued administrative subpoenas to various pipeline companies as part of an agency investigation. There, plaintiffs sought declaratory and injunctive relief against the FERC investigation and subpoenas. Holding that plaintiffs' complaint was not "ripe," the Tenth Circuit, relying on *Reisman,* reversed the district court and dismissed the complaint for lack of subject matter jurisdiction. *Id.* at 334. The Tenth Circuit declared that under *Reisman,* plaintiffs had an adequate legal remedy by raising their defenses to the subpoenas in any enforcement action brought by the agency:

> In the instant case, by accepting the plaintiffs' suit before the FERC had sought judicial enforcement of its subpoenas the [district] court interfered with an ongoing investigation which it acknowledged was within the FERC's authority to conduct ... The companies had a simple solution to the disruption if they reasonably believed the FERC was attempting to examine documents that they had a legal right to withhold; that was to refuse permission to make the examination. The FERC then would be faced with a choice whether it had enough information without further investigation, whether it should pursue its investigation in some different manner, or whether to go to court to seek judicial enforcement of the subpoenas as they were written or in some different form. The choice would be the agency's, and until it made a decision to seek judicial enforcement plaintiffs' business activities would not be affected. In fact, the agency might decide not to enforce the subpoenas, thus no court decision would ever be necessary.
>
> .... Therefore, we hold that the target companies, like the plaintiff in *Reisman,* possessed an adequate legal remedy and were not exposed to the type of immediate, irreparable injury necessary to justify jurisdiction.

*Belle Fourche,* 751 F.2d at 334.

■ In light of the foregoing Supreme Court and Tenth Circuit precedent rejecting pre-enforcement judicial challenges to administrative agency subpoenas, plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS THEREFORE ORDERED that defendant's Motion for Leave to File additional case authority (Doc. # 9) is granted.

IT IS FURTHER ORDERED that defendant's Motion to Dismiss plaintiffs' complaint (Doc. # 3) is granted. Plaintiffs' complaint is hereby dismissed.