No. 83,271

KATHLEEN SEBELIUS, INSURANCE COMMISSIONER, and THE KANSAS WORKERS COMPENSATION FUND, *Appellees,* v. JOHN D. LAFAVER, SECRETARY, KANSAS DEPARTMENT OF REVENUE, STATE OF KANSAS, *Appellant.*
(9 P.3d 1260)

Opinion filed August 11, 2000.

*James G. Keller*, of Topeka, argued the cause, and *Ronald H. Grant*, of the Kansas Department of Revenue, was on the brief for appellant.

*Jeff K. Cooper*, of Topeka, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

LOCKETT, J.: The district court ordered the Kansas Department of Revenue (KDR) to release confidential Kansas income tax records and information to the Kansas Workers Compensation Fund (Fund) that were requested pursuant to a subpoena issued by the Kansas Workers Compensation Director (Director) and an order of the administrative law judge (ALJ). KDR appeals, claiming that it is prohibited by K.S.A. 1999 Supp. 79-3234 from disclosing the income tax records requested by the Fund and that subpoenas issued by the Director or an ALJ are not "proper judicial orders" as contemplated by that statute.

The claimant in a workers compensation action pursuant to K.S.A. 44-532 impled the Fund alleging the claimant's employer did not have workers compensation coverage on the date of the claimant's alleged injury and the employer was financially unable to pay compensation. Under K.S.A. 44-532a, if an employer has less than a $20,000 total gross annual payroll, the employer is not required to provide workers compensation insurance. Under such circumstance, the Fund cannot be impled and required to pay compensation. K.S.A. 44-532a.

The Commissioner of Insurance is responsible for administering the Fund pursuant to K.S.A. 44-566a. To determine if the Fund was required to pay compensation, at the request of the Fund, the Director issued a subpoena duces tecum to the KDR Custodian of Records. The subpoena requested copies of the employer's state income tax records and employee withholding records. KDR asserted that it was prohibited from disclosing the tax records by statute and moved the ALJ to quash the subpoena issued by the Director. After a hearing, the ALJ ordered KDR to produce all the tax records requested in the subpoena.

KDR requested review of the ALJ decision by the Kansas Workers Compensation Board (Board). The Board determined that it was without jurisdiction to rule on the issue because the order was

not an appealable order pursuant to K.S.A. 1997 Supp. 44-551(b)(1). The Board dismissed KDR's appeal.

After KDR's appeal was dismissed and it continued not to comply with the order of the ALJ to produce the subpoenaed records, the Fund filed a separate civil action in the Shawnee County District Court requesting an order compelling KDR to comply with the subpoena and produce the requested records. KDR argued it was prevented by statute from disclosing the income tax records, and because the Director and the ALJ are part of the executive branch of government, neither had judicial authority to issue the subpoenas.

First, KDR argued that the district court was without jurisdiction to review the question because, pursuant to K.S.A. 77-613, the action must have been filed within 30 days of November 12, 1997, the date it refused to provide the requested tax information. The district court pointed out that KDR's argument ignored the distinction between actions for judicial review and actions for civil enforcement of an agency action pursuant to the Act for Judicial Review and Civil Enforcement of Agency Action, K.S.A. 77-601 *et seq.* Actions for judicial review are governed by K.S.A. 77-606 to K.S.A. 77-623. K.S.A. 77-624 to K.S.A. 77-627 govern civil enforcement of an agency action. The provision relied upon by KDR, K.S.A. 77-613(d), related to a petition for judicial review of agency actions.

The district court noted that the relief sought in the petition was an order enforcing the order of the ALJ; therefore, the provisions of K.S.A. 77-613(d) did not apply to the Fund's petition, which sought enforcement of an order. The agency action to be reviewed was KDR's refusal to comply with an order. The district court found that because the agency's refusal was continuing, the Fund's petition was timely filed.

The district court then observed that the amount of the employer's payroll was information essential to the resolution of the question. If the employer did not meet the threshold payroll, then the Fund had no liability. The employer's tax information would allow determination of the Fund's statutory obligation under K.S.A. 44-532a.

KDR argued to the district court that it was prohibited from responding to the subpoena by K.S.A. 1999 Supp. 79-3234, which states:

"(b) Except in accordance with proper judicial order, . . . it shall be unlawful for the director . . . to divulge, or to make known in any way, the amount of income or any particulars set forth or disclosed in any report, return, federal return or federal return information required under this act."

Subsection (c) of the statute provides several exceptions to the general rule of nondisclosure. KDR asserted that none of the statute's exceptions apply to releasing information to the Fund.

In its analysis of the question, the district court found that K.S.A. 1999 Supp. 79-3234(c) does provide an exception to the general nondisclosure provision that applied to this case. The court noted that K.S.A. 1999 Supp. 79-3234(c) states:

"(c) Nothing in this section shall be construed to prohibit the publication of statistics, so classified as to prevent the identification of particular reports or returns and the items thereof, or the inspection of returns by the attorney general or other legal representatives of the state."

The district court reasoned that the Fund, administered by the Insurance Commissioner for the State of Kansas, is, pursuant to statute, the legal representative of the State in the workers compensation proceeding.

KDR then argued that subpoenas issued by the Director or by an ALJ are not proper judicial orders as contemplated by K.S.A. 1999 Supp. 79-3234(b). As support, KDR relied on *Sight v. Resolution Trust Corp.*, 852 F. Supp. 28 (D. Kan. 1994); *In re Tax Appeal of Collingwood Grain*, 257 Kan. 237, 891 P.2d 422 (1995); *Yellow Freight v. Kan. Comm'n on Civ. Rights*, 214 Kan. 120, 125, 519 P.2d 1092 (1974); and *State ex rel. Wolgast v. Schurle*, 11 Kan. App. 2d 390, 722 P.2d 585 (1986).

The district court found that KDR's cited authorities were distinguishable and pointed out that in Kansas, resolution of the issue is governed by the statutory powers granted the ALJ. That authority is found in K.S.A. 1999 Supp. 44-551, which states in part:

"(b)(1) Administrative law judges shall have power to administer oaths, certify official acts, take depositions, issue subpoenas, compel the attendance of wit-

nesses and the production of books, accounts, papers, documents and records to the same extent as is conferred on the district courts of this state, and may conduct an investigation, inquiry or hearing on all matters before the administrative law judges."

The district court noted that the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq.*, is separate, distinct, and self-contained. The district court determined that the legislature intended to grant the workers compensation ALJs the same powers as the district court judges, including a subpoena power greater than the subpoena power of other administrative judges. Thus, the district court reasoned that because K.S.A. 44-551 specifically grants authority to issue subpoenas to the same extent as district court judges, a subpoena issued by the Director and an order by the ALJ under K.S.A. 44-551 is a "proper judicial order."

The district court determined that the Fund had a right to request the subpoenaed records as a representative of the State under K.S.A. 1999 Supp. 79-3234(c), and, pursuant to clear statutory authority, the Director and an ALJ had the power to issue subpoenas duces tecum. Given the statutory authority granted the Director and an ALJ, the subpoena duces tecum was a proper judicial order, subject to full compliance by the Department of Revenue; the district court ordered KDR to comply with the subpoena. KDR appeals. Jurisdiction for this court to hear the appeal is found at K.S.A. 60-2102(a).

## Standard of Review

All the questions raised involve the interpretation of statutes. Interpretation of a statute is a question of law, and the Supreme Court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). An appellate court is not bound by the district court's interpretation of a statute. *Smith v. Printup*, 262 Kan. 587, 604, 938 P.2d 1261 (1997) (quoting *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 [1986]).

## A Judicial Order Under K.S.A. 79-3234

Is a subpoena requested by the Fund and issued by the Director

a "proper judicial order" contemplated by K.S.A. 1999 Supp. 79-3234? K.S.A. 1999 Supp. 79-3234 provides, in part:

"(b) Except in accordance with *proper judicial order,* or as provided in subsection (c) . . . it shall be unlawful for the director, any deputy, agent, clerk or other officer, employee or former employee of the department of revenue . . . to divulge, or to make known in any way, the amount of income or any particulars set forth or disclosed in any report, return, federal return or federal return information required under this act . . . ."

The list of exceptions to the general nondisclosure provision in subsection (c) of K.S.A. 1999 Supp. 79-3234 includes exceptions for inspection of returns by the attorney general or other legal representatives of the State, for access to the records by the post auditor, for disclosure of taxpayer information to persons or entities where the Secretary of Revenue has determined disclosure is essential for completion of a contract, and for disclosure of certain information to the Secretary of the Kansas Department of Social and Rehabilitation Services for use in administrative or judicial proceedings to establish, modify, or enforce child support obligations.

KDR argues that a subpoena issued by the Director or an ALJ is not a judicial order contemplated by K.S.A. 1999 Supp. 79-3234. For support KDR cites *N.Y. State Dept. of Tax. v. N.Y. State Dept. of Law,* 406 N.Y.S.2d 747, 44 N.Y.2d 575, 378 N.E.2d 110 (1978).

In *N.Y. State,Dept. of Tax.,* the Court of Appeals of New York considered a challenge by the Department of Taxation (Department) to a subpoena issued by the Organize Crime Task Force (Task Force) requiring the Department to produce copies of individual income tax returns to the grand jury. The court examined Section 697(e) of the New York tax code, which provided:

" 'Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful' for the department or any of its officers to divulge the information contained in any return filed with it, and that it 'shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court.' " 406 N.Y.S.2d at 749.

The court found that under the constraints of the New York confidentiality tax law and by reference to certain policy considerations furthered by the confidentiality law, the subpoena could

not be enforced pursuant to the statute's initial exception for disclosures, "'in accordance with proper judicial order.'" 406 N.Y.S.2d at 752. The court held: "Absent possible circumstances so extraordinary that they plumb the very depths of judicial and Grand Jury power, a 'proper order' is one which either effectuates the enumerated exceptions within the statute or which arises out of a case in which the report is itself at issue, as in a forgery or perjury prosecution." 406 N.Y.S.2d at 752.

We note that the New York nondisclosure statute is more restrictive in its confidentiality requirements than the Kansas nondisclosure statute. K.S.A. 1999 Supp. 79-3234(b) clearly provides that a "proper judicial order" is an exception distinct from the specific exceptions set out in subsection (c). Therefore, a proper judicial order permitting disclosure is not necessarily limited to an order that effectuates the specific exceptions set out in the statute.

The Director, for the purpose of the Kansas Workers Compensation Act, has the power to issue subpoenas and compel the attendance of witnesses and the production of books, accounts, papers, documents, and records *to the same extent as is conferred on the district courts of this state under the code of civil procedure.* K.S.A. 44-549(b). In the code of civil procedure, a subpoena duces tecum is an order of the court to produce specific items or records. See K.S.A. 1999 Supp. 60-245(a)(1)(C). Failure by a person without adequate excuse to obey a subpoena may be considered a contempt of the court in which the action is pending. K.S.A. 1999 Supp. 60-245(e). The subpoena requested by the Fund and issued by the Director was a "proper judicial order" for purposes of K.S.A. 1999 Supp. 79-3234.

### Legal Representative of the State

As noted previously, K.S.A. 1999 Supp. 79-3234 contains several specific exceptions to the general provision that it is unlawful for KDR to disclose personal income tax records. Among the exceptions in subsection (c) is a provision that "[n]othing in this section shall be construed to prohibit . . . *the inspection of returns by* the attorney general or *other legal representatives of the state.*" (Emphasis added.)

The district court first found that the employer's income tax records were relevant to determine if the Fund was a proper party to be impled and the Director's subpoena for the employer's income tax records was enforceable as a "proper judicial order." It determined that KDR was bound to comply with the subpoena because, pursuant to K.S.A. 1999 Supp. 79-3234(c), the Fund was administered by the Insurance Commissioner for the State of Kansas, a representative of the State. KDR asserts that such a broad interpretation of K.S.A. 1999 Supp. 79-3234(c) suggests that any State agency or representative could have access to taxpayers' confidential tax information regardless of the use for which the records are requested. We disagree.

We note that a broad exception to nondisclosure is not consistent with the general purpose of nondisclosure tax statutes, which is to encourage taxpayers to make full and truthful declarations in their returns without fear that such information will be used against them. See 71 Am. Jur. 2d, State and Local Taxation § 590. The fact that the Fund is administered by a representative of the State does not automatically confer upon the Fund the right to inspect confidential tax records.

We note that the phrase "legal representatives of the state" is used in two tax statutes other than K.S.A. 1999 Supp. 79-3234. In K.S.A. 79-1119, KDR is prohibited from disclosing banking tax reports and documents, and in K.S.A. 79-15,118, KDR is prohibited from disclosing estate tax reports and documents. Each statute also provides that nothing in the statutes shall be construed to prohibit the inspection of returns by the attorney general or other *legal representatives of the state.*

The fact that "representatives of the state" is preceded by the word "legal" and is used in conjunction with a reference to the attorney general strongly supports the conclusion that the state representative contemplated by the statutes is a person directly involved in representing the State in a legal proceeding. In view of the general prohibition regarding disclosure of tax records and the language of the statute, we conclude that K.S.A. 1999 Supp. 79-3234(c) provides a specific exception to nondisclosure when the request is made by a person representing the State in a legal pro-

ceeding in connection with the enforcement of the state tax law, in the prosecution of a taxpayer for violation of state tax law, or where the tax records are central to a crime charged, such as forgery, or relevant when determining if the Fund can be impled in a workers compensation proceeding.

Although the fact that the Fund is administered by a representative of the State does not confer upon the Fund the power to inspect confidential tax records, the subpoena requested by the Fund and issued by the Director properly required KDR to produce the relevant records.

### Power to Issue a Judicial Order

KDR is not a party to the workers compensation action in this case. Where a subpoena of records is issued to a nonparty, the nonparty may object to production of any or all of the business records designated in the subpoena within 14 days after the service of the subpoena or at or before the time for compliance, if the time is less than 14 days after service. If such objection is made, the business records need not be produced except pursuant to an order of the court upon motion with notice to the person to whom the subpoena was directed. K.S.A. 60-245a. KDR objected to the subpoena duces tecum and moved to quash. The ALJ denied the motion to quash and ordered KDR to comply with the subpoena. KDR challenges the ALJ's power to compel it to comply with the subpoena.

KDR contends that neither the Director nor the ALJ, as employees of the executive branch of state government, can issue a "proper *judicial* order." KDR asserts that to find that the Director or an ALJ can legally perform a judicial function is a violation of United States and Kansas constitutional separation of powers.

K.S.A. 75-5708 provides the statutory authority for the appointment of the Director by the Secretary of Human Resources. That statute states, in part:

"(a) There is hereby established within and as a part of the department of human resources a division of workers compensation. The division shall be administered, under the supervision of the secretary of human resources, by the director of workers compensation, who shall be the chief administrative officer

of the division. The director of workers compensation shall be appointed by the secretary of human resources and shall serve at the pleasure of the secretary."

## K.S.A. 75-5708(b) states:

"(b) The director of workers compensation may appoint two assistant directors of workers compensation and also may appoint not to exceed 10 administrative law judges. Such assistant directors and administrative law judges shall be in the classified service. The assistant directors shall act for and exercise the powers of the director of workers compensation to the extent authority to do so is delegated by the director. The assistant directors and administrative law judges shall be attorneys admitted to practice law in the state of Kansas, and shall have such powers, duties and functions as are assigned to them by the director or are prescribed by law. The assistant directors and administrative law judges shall devote full time to the duties of their offices and shall not engage in the private practice of law during their terms of office."

## K.S.A. 1999 Supp. 44-551 provides, in part:

"(b)(1) Administrative law judges [in workers compensation proceedings] shall have power to administer oaths, certify official acts, take depositions, *issue subpoenas*, compel the attendance of witnesses and the production of books, accounts, papers, documents and records *to the same extent as is conferred on the district courts of this state*, and may conduct an investigation, inquiry or hearing on all matters before the administrative law judges." (Emphasis added.)

The quasi-judicial nature of the Workers Compensation Division of the Department of Human Resources has long been recognized. In *Gawith v. Gage's Plumbing & Heating Co., Inc.*, 206 Kan. 169, Syl. ¶5, 476 P.2d 966 (1970), the Director was determined to act in a quasi-judicial manner because the Director's office investigates, declares, and enforces liabilities as they stand on present or past facts with the responsibility of making decisions that courts have historically been accustomed to performing. The *Gawith* court determined that the Director performs a constitutionally permissible quasi-judicial function. 206 Kan. at 179-80. As noted above, the Director has the power to issue subpoenas in a workers compensation proceeding to the same extent as the district judges under the code of civil procedure. See K.S.A. 44-549(b).

Like the Director, the ALJ has the same statutory authority as district courts with respect to the issuance of subpoenas. Therefore, the ALJ has the authority to order compliance with a subpoena

and that authority does not offend constitutional separation of powers provisions.

Affirmed.