(28 P.3d 394)

No. 85,065

DAYLA BOND, *Appellee*, v. BENJAMIN J. ALBIN and CHRISTOPHER JACKSON, *Defendants*.

BARRY ALBIN, *Appellant*.

Opinion filed December 22, 2000.

*Barry Albin*, appellant pro se.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and PADDOCK, S.J.

PADDOCK, J.: Barry Albin, father of the defendant Benjamin J. Albin, was subpoenaed to appear at a deposition scheduled by the plaintiff, Dayla Bond. Albin failed to appear at the deposition and was found in indirect contempt for his inattendance.

Although Albin purged himself of contempt by attending a rescheduled deposition, he was ordered to pay Bond's costs and expenses for the unattended deposition and the contempt proceedings. Albin appeals.

We affirm.

Albin claims multiple errors by the district court that require reversal. He opines that procedural errors deprived him of due process.

## Statutory Procedure

Albin claims the district court lacked jurisdiction to find him in contempt because it failed to comply with the mandatory provisions of K.S.A. 1999 Supp. 20-1204a. Just as failure to comply with K.S.A. 20-1203 in a direct contempt action is jurisdictional, see *State v. Jenkins*, 263 Kan. 351, 357, 950 P.2d 1338 (1997), so too is the failure to comply with the procedural requirements of K.S.A. 1999 Supp. 20-1204a, concerning indirect contempt. In interpreting statutory requirements, an appellate court has unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

Albin argues that there was no underlying order that if violated would trigger the contempt proceeding. He is incorrect. Albin was served with a subpoena to appear at the deposition scheduled for August 25, 1999. The subpoena, which he ignored, constituted the underlying order referred to in K.S.A. 1999 Supp. 20-1204a(a) as "an order in a civil action." His failure to comply with the subpoena was the basis for the order that he appear and show cause why he should not be found in indirect contempt.

Furthermore, the fact that the subpoena was issued by a certified shorthand reporter who was to record the deposition did not detract from the subpoena being an order. K.S.A. 1999 Supp. 60-245(a)(2) authorizes a subpoena for taking depositions to be issued by the officer before whom the deposition is to be taken. K.S.A. 1999 Supp. 60-245(e) permits a finding of contempt of court for failure to obey a subpoena to appear for a deposition. Albin has failed to cite authority that would support an argument that K.S.A. 1999 Supp. 60-245(e) would be applicable only to a subpoena issued by a judge. When a statute is plain and unambiguous, the appellate courts will not speculate as to legislative intent behind it and will not read such statute as to add something not readily found therein. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Albin claims that when he failed to appear at the March 3, 2000, contempt hearing the district court should have issued a warrant for his arrest pursuant to K.S.A. 1999 Supp. 20-1204a(c), rather than proceeding in his absence to hear the contempt charge. This claim lacks merit.

K.S.A. 1999 Supp. 20-1204a(c) provides, in pertinent part: "If, after proper service of the order to appear and show cause, the person served should not appear in court as ordered, . . . the court may issue a bench warrant commanding that the person be brought before the court to answer for contempt."

Albin did appear in court on November 24, 1999, in response to the court's order to appear and show cause; thus, there was no reason to issue a bench warrant.

At the November 24, 1999, hearing, the district court found it did not have time for a full show cause hearing and continued the hearing to March 3, 2000. The court also directed Albin to appear at the rescheduled deposition on November 29, 1999. At the November 29, 1999, deposition, Albin was served with a contempt citation along with a copy of the court's order rescheduling the contempt hearing.

Albin failed to appear at the March 3, 2000, hearing. The court determined that Albin's failure to appear at the August 25, 1999, deposition constituted an indirect contempt. It further found that Albin had purged himself of contempt by attending the rescheduled deposition. However, the court assessed the costs of the unattended deposition and the contempt proceedings to Albin. Albin was notified of the date and time of the hearing, and his decision to not appear did not require that he be conducted to the hearing by means of an arrest warrant in order for the hearing to take place.

## Right to a Jury Trial

Albin claims it was error for the district court to deny his request for a jury trial to determine the contempt issue. Bond argues Albin did not raise this issue before the district court and, thus, it is not properly before this court on appeal. Bond is incorrect. Albin moved the court for a jury to hear the contempt charge. He claimed he had a constitutional right to have a punitive contempt charge

heard by a jury. His request was denied. The issue is properly before us on appeal.

Due process requires fewer procedural safeguards for contempt sanctions which are remedial, rather than punitive in nature. See *Mine Workers v. Bagwell*, 512 U.S. 821, 831, 129 L. Ed. 2d 642, 114 S. Ct. 2552 (1994). A contempt sanction is remedial if it is designed to compensate the complainant for an injury produced by the contemnor's conduct. 512 U.S. at 827, 829. Remedial sanctions have never been considered criminal and do not require the full panoply of protection afforded a criminal proceeding. 512 U.S. at 833. A jury trial is not required in these circumstances. 512 U.S. at 831-33 (specifying that a jury trial is necessary where the court intends to impose a serious criminal penalty).

In the instant case, the sanctions were not a criminal penalty but were designed to compensate Bond for the costs she incurred because of Albin's delinquency. The sanctions were remedial, not punitive. Albin was not entitled to a jury trial.

## Failure to Recuse

On appeal, Albin claims the district judge was biased by showing partiality to Bond and because the judge was a potential witness in the case. Albin contends the judge should have recused from the March 3, 2000, hearing. Albin did not provide an affidavit attesting to the judge's bias or impropriety. See K.S.A. 1999 Supp. 20-311d. He has failed to establish his burden of designating a record demonstrating trial error. See *In re B.M.B.*, 264 Kan. 417, 435, 955 P.2d 1302 (1998). Moreover, the issue was not presented to the district court, and it will not be considered on appeal. See *Lindsey v. Miami County National Bank*, 267 Kan. 685, 690, 984 P.2d 719 (1999).

## Refusal to Grant Protective Order

Next, Albin raises several issues dealing with the district court's refusal to grant a protective order against his being deposed.

## Existence of Privilege

First, Albin claims a family relationship privilege to not testify as to the whereabouts of his son for purposes of service of process in the underlying case.

K.S.A. 60-407 abolishes the privilege from testifying, except as otherwise provided by statute. Kansas law does not provide a privilege for a father-son relationship. See generally K.S.A. 60-423 *et seq.* Albin has failed to cite any authority supporting his argument for a constitutional or statutory privilege not to testify.

### Right to Evade Service of Process

Albin claims the district court erred in commenting on his effort to evade the service of the subpoena to appear for the deposition. He argues he had no duty to make himself available for service of process. He argues that the district court, in effect, penalized him for exercising his constitutional right to refrain from socializing with certain persons.

The record supports a conclusion that Albin fully exercised his claimed right not to associate with the process server. However, until the service of the subpoena was made, the district court did not attempt to exercise jurisdiction over him. Thus, it is difficult to see how he was penalized.

Moreover, Albin unfortunately failed to recognize his duty as an attorney to avoid dilatory practices designed to protract litigation. See Kansas Rules of Professional Conduct (KRPC) 3.2 (1999 Kan. Ct. R. Annot. 362). Also, a lawyer is obligated to refrain from "unlawfully obstruct[ing] another party's access to evidence . . . ." KRPC 3.4 (1999 Kan. Ct. R. Annot. 369).

Albin's evasion of service of the subpoena delayed discovery and impeded Bond's access to potentially material evidence. Such conduct is unacceptable behavior for a member of the legal profession. A lawyer is required to refrain from the exercise of certain rights allowed most citizens. See, *e.g., Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 56 L. Ed. 2d 444, 98 S. Ct. 1912 (1978) (permitting the State bar to impose limited restrictions on an attorney's ability to advertise).

### Timing of the Deposition

Albin claims the service of the subpoena on him on the day before the scheduled deposition deprived him of sufficient time to respond. This claim is not only without merit but borders on being

frivolous. If Albin's evasion of service prevented his receiving the subpoena until the day before the scheduled deposition, he cannot claim error in having insufficient time to respond. This is a logical extension of the well-established invited error rule. See *Catholic Housing Services, Inc. v. State Dept. of SRS*, 256 Kan. 470, 476, 886 P.2d 835 (1994) (extending the invited error rule to encompass procedural problems caused by movant in administrative proceedings).

## Sanctions

Finally, Albin claims the district court erred in assessing the costs and expenses of the deposition and the contempt proceeding to him. Review of the sanctions imposed for contempt is limited to whether the district court abused its discretion. See *Jenkins*, 263 Kan. at 356.

Here, the costs and expenses assessed to Albin were designed to compensate Bond for a financial loss occasioned by the inappropriate behavior of Albin. The sanctions imposed are reasonable and authorized by law. See K.S.A. 1999 Supp. 20-1204a(b). The district court did not abuse its discretion in assessing the costs and expenses of the unattended deposition and the contempt proceedings to Albin.

Bond has filed a motion for attorney fees pursuant to Supreme Court Rule 7.07(b) (1999 Kan. Ct. R. Annot. 50), which provides that appellate courts may award attorney fees on appeal in any case in which the district court had authority to award attorney fees. K.S.A. 1999 Supp. 20-1204a(b) grants the district court such authority. Bond's motion for attorney fees is granted.

Affirmed.