No. 115,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Paternity of

S.M.J., a Minor by and Through Her Mother and Next Friend, WHITNEY D. JACOBS,

*Appellee*,

v.

DAVID ROY OGLE,

*Appellant.*

SYLLABUS BY THE COURT

K.S.A. 2016 Supp. 20-1204a(c) says that when a person accused of indirect contempt doesn't appear for the contempt hearing, the court can issue a bench warrant and shall proceed with the contempt hearing "when such person is brought before the court." Read as a whole, this subsection means that a district court cannot hold a civil-contempt hearing in the absence of the person accused of contempt.

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed August 25, 2017. Vacated and remanded.

*Marc H. Berry*, of Olathe Legal Clinic, LLC, of Olathe, for appellant.

*David J. Brown*, of Law Office of David J. Brown, LC, of Lawrence, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

LEBEN, J.: Despite an extensive procedural history and some exciting details about alleged participation in Colombian drug cartels, this case dissolves into an ordinary legal question about a Kansas contempt-of-court statute. David Ogle failed to follow a longstanding court order that he not disparage Whitney Jacobs, the mother of his child, so Jacobs asked the district court to hold Ogle in contempt. Neither Ogle nor his attorney attended the contempt hearing, even though both knew about it. The district court proceeded without Ogle and held him in contempt, imposing some monetary sanctions and a 30-day jail sanction if Ogle didn't pay. Ogle has appealed to our court raising several arguments, including that the district court shouldn't have held the contempt hearing in his absence. Based on our reading of the Kansas indirect-contempt statute, we agree that the district court shouldn't have held the contempt hearing without Ogle, and we vacate the district court's judgment finding Ogle in contempt.

FACTUAL AND PROCEDURAL BACKGROUND

Ogle and Jacobs had a child together in 2007, and their relationship ended sometime after that. In 2009, the Douglas County District Court entered the first court orders in this case, establishing custody and child support; the parties shared legal custody but the child lived with Jacobs. In 2012, Jacobs wanted to move with the child to Johnson County for a new job; Ogle objected, but the district court permitted the move. Around this time, Ogle began accusing Jacobs of being involved with a Colombian drug cartel. He told the district court that Jacobs had unexplained income, but the court was satisfied with the additional financial documents that Jacobs provided. Ogle reported his suspicions widely, to the district court, Kansas Social and Rehabilitation Services, various law-enforcement officials, the Internal Revenue Service, their child, and employees at the child's school, among others.

2

The district court, beginning at least in early 2014, ordered Ogle to stop talking about his cartel accusations with his child and other third parties; he was scaring his child, who feared that her mother would go to jail because that's what Ogle kept telling her. For the next two years, Ogle continued pressing the issue, and the court continued ordering Ogle to stop his investigations and stop sharing his accusations with third parties. The district court eventually granted Jacobs temporary sole custody and restricted Ogle's parenting time to supervised visits and monitored phone calls.

In November 2015, Ogle shared his drug-cartel allegations with the school where Jacobs worked as a teacher. In December, the school held what it described as a "due process hearing" and suspended Jacobs with pay (she eventually resigned). Jacobs filed a motion asking the district court to hold Ogle in contempt for violating its order not to share his accusations with third parties, and the district court ordered Ogle to appear at a contempt hearing.

Neither Ogle nor his attorney appeared at the contempt hearing in January 2016, although both admitted later that they knew about it. The district court held the hearing without them and held Ogle in contempt for violating the court's order. The court ordered Ogle to pay the attorney fees Jacobs had incurred in her negotiations with the school and in pursuing the contempt claim (it also imposed a 30-day jail sanction that would be suspended if Ogle paid). Ogle filed a motion asking the court to rescind the contempt order, and the court denied it.

Ogle then appealed to our court.

ANALYSIS

Ogle argues that under the terms of the Kansas indirect-contempt statute, the district court shouldn't have held the contempt hearing without him or his attorney present. We interpret statutes independently and without any required deference to the district court. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

To interpret a statute, we begin with its words, because the words of the statute are the best indication of what the legislature meant for the law to do. *In re Estate of Strader*, 301 Kan. 50, 55, 339 P.3d 769 (2014). Additionally, we construe related statutory sections together—what lawyers speaking Latin call "*in pari materia*"—aiming to reconcile them and bring them into workable harmony. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013).

K.S.A. 2016 Supp. 20-1204a governs indirect-contempt proceedings. "Indirect" contempt means that the contemptuous action took place outside of the court, rather than in front of the judge; it usually occurs when a person fails to follow one of the court's orders. See *In re Marriage of Shelhamer*, 50 Kan. App. 2d 152, 155, 323 P.3d 184 (2014). Under the indirect-contempt statute, a court can order a person accused of contempt to attend a hearing and "show cause why such person should not be held in contempt"—in other words, explain why he or she shouldn't be held in contempt. K.S.A. 2016 Supp. 20-1204a(a).

Subsection (b) provides the general procedure for contempt hearings. The court must notify the person accused of contempt when the hearing will take place and what contemptuous conduct has been alleged. Then, at the contempt hearing, the court can give the person more time to comply with its order or can impose some sort of punishment to coerce the person to comply. K.S.A. 2016 Supp. 20-1204a(b); *Shelhamer*, 50 Kan. App. 2d at 155.

4

Subsection (c) specifically addresses what the court should do when the person does not show up for the contempt hearing:

> "If, after proper service of the order to appear and show cause, the person served shall not appear in court as ordered, . . . the court may issue a bench warrant commanding that the person be brought before the court to answer for contempt. When such person is brought before the court, the court shall proceed as provided in subsection (b)." K.S.A. 2016 Supp. 20-1204a(c).

The first quoted sentence gives the court the option of issuing a bench warrant that directs law enforcement to arrest the person who failed to appear. And the second quoted sentence assumes that the district court won't hold the contempt hearing until the person accused of contempt appears in court: "*When such person is brought before the court*, the court shall proceed as provided in subsection (b)." (Emphasis added.) K.S.A. 2016 Supp. 20-1204a(c).

In this case, despite the Ogle's obvious disregard for the court's order not to disparage Jacobs, the district court shouldn't have held the contempt hearing in his absence. K.S.A. 2016 Supp. 20-1204a(c) specifically addresses what a court should do when a person accused of contempt doesn't show up at the contempt hearing: issue a bench warrant and, "when such person is brought before the court," hold a contempt hearing as described in subsection (b). It's true that the statute doesn't specifically *prohibit* holding a contempt hearing without the person accused of contempt. But it also doesn't specifically *authorize* proceeding without that person. What the statute says is that the court can issue a bench warrant and shall proceed with the contempt hearing "when such person is brought before the court." K.S.A. 2016 Supp. 20-1204a(c). So we hold that it was error for the district court to conduct the contempt hearing without Ogle.

5

The careful reader may point to one potential flaw in our analysis. We noted previously that subsection (c) gives the district court the *option* of issuing a bench warrant when the person alleged to have been in contempt fails to appear. Why wouldn't it be required rather than optional? Perhaps, the reader might suggest, that's because the court has the option of proceeding with the contempt hearing even in that person's absence. But that doesn't seem the most reasonable way to read subsection (c) as part of the overall contempt statute, and there are at least two possible reasons issuing a bench warrant might be optional even under our reading of the statute. The failure to appear happens at a "show-cause hearing" at which the court will determine whether there was some proper cause for the apparent contempt. The court might see, upon further review of the paperwork, that the allegations, even if true, don't amount to contempt of court; in that case, the court might dismiss the contempt matter altogether. On the other hand, if the court decided to proceed with a further hearing, it might be able to get the absent party's compliance just with a phone call or email rather than a bench warrant served by the sheriff.

Our holding in this case conflicts with a prior opinion from our court, but panels of our court are free to disagree with each other. See *State v. Urban*, 291 Kan. 214, 223, 239 P.3d 387 (2010). The case, *Bond v. Albin*, 29 Kan. App. 2d 262, 28 P.3d 394 (2000), involved slightly different facts than our case. Albin was accused of contempt for not complying with a subpoena to attend a deposition. The court set an initial contempt hearing, and Albin appeared at it, but the court didn't have time to hold a full hearing and had to reschedule it. Before the rescheduled contempt hearing, Albin attended the required deposition—but then he didn't show up at the rescheduled contempt hearing. The court proceeded without him and found that although the initial failure to attend the deposition was contemptuous, Albin had fixed the problem by attending the rescheduled deposition; the court assessed the costs of the unattended deposition against Albin. Our court found, after quoting subsection (c) but without any real statutory analysis, that this wasn't error. 29 Kan. App. 2d at 264. For the reasons explained above, we disagree with

that conclusion. Under K.S.A. 2016 Supp. 20-1204a(c), read as a whole, a district court should not hold a contempt hearing in the absence of the person accused of contempt.

This holding also aligns with basic concepts of fairness and due process. All of the constitutional due-process rights that apply to people charged with crimes—like the right to counsel, to confront witnesses, and to have a trial—apply when a district court aims to punish a person for criminal contempt. *Shelhamer*, 50 Kan. App. 2d at 156; *Faubion v. Phillips*, No. 113,709, 2016 WL 3856668, at *6 (Kan. App. 2016) (unpublished opinion) (suggesting that fewer due-process rights are available in civil contempt). Criminal contempt is different from civil contempt—the sanctions for civil contempt must be designed to coerce the person to comply with a court order, rather than punitive and designed to punish a person for failing to comply with a court order. But even in cases involving civil contempt, some level of due process must be provided. See *Turner v. Rogers*, 564 U.S. 431, 442-43, 131 S. Ct. 2507, 180 L. Ed. 2d 452 (2011); *Johnson v. Johnson*, 11 Kan. App. 2d 317, Syl. ¶ 7, 721 P.2d 290 (1986); *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *3 (Kan. App. 2017) (unpublished opinion). Our interpretation of K.S.A. 2016 Supp. 20-1204a(c) helps to assure that contempt proceedings meet due-process requirements. Since we should construe statutes to avoid potential constitutional issues when there are competing but plausible interpretations of statutory text, *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014), we conclude that the interpretation provided here is the appropriate one. It seems reasonable to require, at minimum, that the person accused of civil contempt be present at the contempt hearing at which fines or fees might be assessed or a coercive jail term imposed.

Because the district court should not have held the contempt hearing without Ogle or his attorney present, we need not consider Ogle's other claims on appeal. We vacate the district court's judgment finding Ogle in contempt and remand the case for further proceedings in the district court.