IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,776

IN THE MATTER OF THE PATERNITY OF

S.M.J., a Minor, by and Through Her Mother and Next Friend
WHITNEY D. JACOBS,
*Appellee*,

v.

DAVID ROY OGLE,
*Appellant*.

SYLLABUS BY THE COURT

Under K.S.A. 2018 Supp. 20-1204a, a district judge must not proceed with an indirect contempt hearing until the accused person is present in court.

Review of the judgment of the Court of Appeals in 54 Kan. App. 2d 618, 402 P.3d 607 (2017). Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed July 19, 2019. Judgment of the Court of Appeals vacating the district court is affirmed. Judgment of the district court is vacated and case is remanded with directions.

*Marc H. Berry*, of Olathe Legal Clinic, of Olathe, argued the cause, and was on the briefs for appellant.

*David J. Brown*, of Law Office of David J. Brown, LC, of Lawrence, argued the cause, and was on the briefs for appellee.

The opinion of the court was delivered by

1

BEIER, J.: Whitney D. Jacobs challenges the Court of Appeals' decision to vacate the judgment of the district court and remand this case for reconsideration of David Roy Ogle's indirect contempt of court and resulting sanctions. See *In re Paternity of S.M.J. v. Ogle*, 54 Kan. App. 2d 618, 402 P.3d 607 (2017).

We granted Jacobs' petition for review to address the sole issue of whether Ogle's absence from the contempt hearing should have prevented the district judge from proceeding. We conclude that the district judge should not have conducted the hearing on Jacobs' contempt motion until Ogle was present. We therefore affirm the Court of Appeals' decision to vacate the district court's judgment and remand.

A concise history of the parties' relationship and Ogle's repeated, open behavior inconsistent with the district judge's orders in this paternity and custody proceeding appears in the Court of Appeals' opinion and need not be repeated or substantially expanded upon here. It is enough to introduce our legal discussion to say just four things: (1) The gist of the district judge's orders was that Ogle must cease widespread slander of Jacobs; (2) Jacobs moved the court to hold Ogle in indirect contempt after his contacts with her employer finally led her to leave her teaching job; (3) the district judge held Ogle in contempt and imposed sanctions after a hearing at which neither Ogle nor his counsel appeared, despite notice of the hearing's time and place; and (4) the judge rejected Ogle's motion to rescind the contempt order, relying on *Bond v. Albin*, 29 Kan. App. 2d 262, 28 P.3d 394 (2000), to support her position that the contempt hearing could be held in Ogle's absence.

## DISCUSSION

Resolution of the issue before us requires interpretation or construction of a statute. This means that we exercise de novo review of the decisions in the district court

2

and Court of Appeals. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). Our pattern for interpretation and construction is often repeated:

"When a statute is plain and unambiguous, a court must give effect to its express language, rather than determine what the law should or should not be. The court will not speculate on legislative intent and will not read the statute to add something not readily found in it. If the statute's language is clear, there is no need to resort to statutory construction." *Graham v. Dokter Trucking Group*, 284 Kan. 547, Syl. ¶ 3, 161 P.3d 695 (2007).

In addition,

"The most fundamental rule of statutory construction is that the intent of the legislature governs. Reliance on the plain and unambiguous language of a statute is the best and only safe rule for determining the intent of the creators of a written law. The plain language selected by the legislature, when it does not conflict with constitutional mandates, trumps both judicial decisions and the policies advocated by the parties." *State v. Spencer Gifts*, 304 Kan. 755, Syl. ¶ 2, 374 P.3d 680 (2016).

If, after a plain reading of a statute, a lack of clarity or an ambiguity persists, then this court examines legislative history and substantive background considerations and employs canons of construction to determine the intent of the Legislature. *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009). We also "must consider various provisions of an act in pari materia with a view toward reconciling and bringing them into harmony if possible." 289 Kan. at 914.

K.S.A. 2018 Supp. 20-1204a, whose language is identical to the version of the statute in effect at the time of the contempt hearing in this case, controls the procedure a judge must follow to rule on an allegation of indirect contempt. The statute's pertinent provisions read:

"(a) When an order in a civil action has been entered, the court that rendered the same may order a person alleged to be guilty of indirect contempt of such order to appear and show cause why such person should not be held in contempt . . . .

"(b) . . . the order to appear and show cause shall be served upon the party allegedly in contempt . . . . Such order shall state the time and place where the person is to appear . . . . The court shall hear the matter at the time specified in the order . . . . If the court determines that a person is guilty of contempt such person shall be punished as the court shall direct.

"(c) If, after proper service of the order to appear and show cause, the person served shall not appear in court as ordered, . . . the court may issue a bench warrant commanding that the person be brought before the court to answer for contempt. When such person is brought before the court, the court shall proceed as provided in subsection (b)."

In the view of the Court of Appeals panel, "the statute doesn't specifically *prohibit* holding a contempt hearing without the person accused of contempt. But it also doesn't specifically *authorize* proceeding without that person." *In re Paternity of S.M.J,* 54 Kan. App. 2d at 621.

We agree that the statute is not precisely literal on today's issue. But it comes very close, when the three subsections quoted above are given a natural, harmonious reading. We are also mindful that, to the extent there is silence or ambiguity, "[t]he procedure for holding a party in indirect contempt . . . must be strictly construed against the movant." *Cyr v. Cyr*, 249 Kan. 94, Syl. ¶ 5, 815 P.2d 97 (1991).

As provided in the statute's subsection (a), the district judge here was empowered to find a person in contempt of her orders. Under subsection (b), Ogle was served with

her order to show cause why he should not be held in contempt. That order, again, as required by the statute, informed him of the time and place he must appear. We note that this information would be unnecessary for one not expected to appear and participate. Under subsection (c), when Ogle did not appear, the judge could have issued a bench warrant for his arrest. The statute's use of the word "may" permitted but did not require her to do so. Regardless of her chosen method for securing Ogle's attendance, subsection (c) then plainly states: "When [a person in Ogle's position] is brought before the court," the district judge "shall proceed" with the hearing described in subsection (b).

Our natural, harmonious reading of the three subsections together leads us to hold that a district judge is allowed to proceed with a contempt hearing once the person accused is present, but not before. We expressly overrule the contrary implication in the *Bond* case cited by the district judge in support of her ruling on the dispensability of Ogle's presence. See 29 Kan. App. 2d at 264. That 2000 Court of Appeals decision focused only on subsection (c)'s permissive language regarding issuance of a bench warrant, overlooking its command that the contempt hearing "shall" proceed only "[w]hen [a person in Ogle's position] is brought before the court."

Before closing, we note that we need not depend upon the Court of Appeals panel's additional rationale that our shared result "aligns with basic concepts of fairness and due process." See *In re Paternity of S.M.J.*, 54 Kan. App. 2d at 622. Although that may be both true and admirable, it is not strictly necessary. We rule as we do today because of the statute's language and the legislative intention we draw from it. Strictly speaking, K.S.A. 2018 Supp. 20-1204a provides more than the minimum notice and opportunity to be heard required to uphold civil contempt sanctions under the federal constitutional due process rubric. See *Mine Workers v. Bagwell,* 512 U.S. 821, 827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994). Of course, the Kansas Legislature is free to exceed federal constitutional minimums; in short, it has done so here.

5

CONCLUSION

The district court's judgment is vacated, and the decision of the Court of Appeals is affirmed. The case is remanded to the district court for reconsideration of Jacobs' motion to hold Ogle in indirect contempt.