No. 119,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CENTRAL RV, INC., a Kansas Corporation,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

When another state has designated a travel trailer as a salvage vehicle and the trailer has since been repaired so that it can be safely operated in Kansas, the Kansas Department of Revenue may issue a rebuilt salvage title for the trailer.

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed September 27, 2019. Affirmed.

*Bradley R. Finkeldei*, of Stevens & Brand, LLP, of Lawrence, for appellant.

*Scott A. Reed*, of Kansas Department of Revenue, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

LEBEN, J.: Safeco Insurance had insured a travel trailer when it was damaged; Safeco then obtained a salvage title from the State of Oregon. A salvage title tells anyone who might want to buy the trailer—and get title to it—that some issue has led to its status as a salvage vehicle. The title to the vehicle involved here said "TOTALED" in an area for title brands (designations that are put on the title for information about a vehicle beyond ownership).

Central RV, Inc., a Kansas company, then bought the trailer from Safeco. When Central RV titled the trailer in Kansas, the Kansas Department of Revenue issued what's called a rebuilt salvage title. That would tell potential buyers that there had been some past problem with the trailer but that it had been repaired.

But Central RV wanted a clean Kansas title—one that would give no indication the trailer had ever been damaged, let alone that its prior title said it had been "TOTALED." When the Department of Revenue refused to give it a clean title, Central RV sued. The district court ruled for the Department of Revenue, and we must now decide whether it was correct.

The district court granted a motion to dismiss Central RV's claim, so we accept for the purposes of this opinion the facts set out in Central RV's petition. See *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). With no disputed facts, we face only questions about statutory interpretation. We consider them independently, with no required deference to the district court. *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017).

After buying the trailer, Central RV sought a Kansas vehicle title for it. See K.S.A. 2018 Supp. 8-127; K.S.A. 2018 Supp. 8-135. The parties agree that the trailer is a vehicle as defined by Kansas law. See K.S.A. 2018 Supp. 8-126 (ll), (mm), (qq), and (rr). The parties differ on interpreting several terms in a statute that defines the terms involved in titling vehicles, K.S.A. 2018 Supp. 8-197. We too will focus on those definitions.

The Department of Revenue gave Central RV a rebuilt salvage title, and that's a defined term:

"'[R]ebuilt salvage title' means a certificate of title issued by the division for a vehicle previously designated a salvage vehicle which is now designated a rebuilt salvage vehicle." K.S.A. 2018 Supp. 8-197(b)(5).

That seems to fit our situation. Oregon had designated the trailer a salvage vehicle, and the vehicle has since been rebuilt so that it's usable. Nothing more is required under the definition to justify a rebuilt salvage title. In the words of that statute, we have a "rebuilt salvage title . . . issued by the division for a vehicle previously designated a salvage vehicle which is now designated a rebuilt salvage vehicle."

Central RV cites another definition—the one for "salvage vehicle." It notes that for a travel trailer to be a salvage vehicle, it must be in poor condition, inoperable, or unsafe:

"'Salvage vehicle' means:

. . . .

"(D) a travel trailer which is of a type required to be registered in this state, but which cannot be registered because it has been wrecked or damaged to the extent that: (i) The equipment required by state statute on any such travel trailer used on the highways of this state is not present or is not in good condition or proper adjustment, as prescribed by state statute or any rules and regulations; or (ii) such travel trailer is in an inoperable condition or a condition that would render the operation on the highways of this state a hazard to the public safety; and in either event, such travel trailer would require substantial repairs to rebuild or restore to a condition which will permit the registration of the travel trailer." K.S.A. 2018 Supp. 8-197(b)(2).

Central RV argues that its trailer didn't meet that definition because, when it presented the vehicle for inspection by the Kansas Highway Patrol, the trailer was operable and in good repair.

But even though the trailer wasn't inoperable when presented for inspection, it *had* been damaged, it had received a salvage title in Oregon branded "TOTALED," and it had

3

then been repaired. None of that contradicts the definition for a rebuilt salvage title—a designation for vehicle previously designated as salvaged that has since been repaired so that it may be considered rebuilt.

Nor should we conclude otherwise from the use of present-tense verbs in the definition of salvage vehicle. It's the use of present-tense verbs on which Central RV bases this argument. Central RV recognizes that its trailer *was* damaged at some point, but it argues the trailer *isn't* damaged now (and wasn't when it presented the trailer for inspection). But the statute's use of present tense should not control here. As Justice Alito has noted, "[M]odern legislative drafting manuals teach that, except in unusual circumstances, all laws . . . should be written in the present tense." *Carr v. United States*, 560 U.S. 438, 463, 130 S. Ct. 2229, 176 L. Ed. 2d 1152 (2010) (Alito, J., dissenting). Thus, the present tense is used to cover all time periods "'unless the provision addresses only the past, the future, or a sequence of events that requires use of a different tense.'" 560 U.S. at 463 (quoting the United States Senate, Senate Office of Legislative Counsel, Legislative Drafting Manual). What matters more than verb tense is the statutory context in which words are used.

The context here includes the separate definition for a rebuilt salvage title. And the context for a *rebuilt* salvage vehicle, which gets a rebuilt salvage title, is of course that it has been *rebuilt*. It's no surprise, then, that a rebuilt salvage vehicle would no longer meet the definition of a salvage vehicle—in the present tense. But we see nothing in the present-tense definition of salvage vehicle that should keep this repaired trailer from being given a rebuilt salvage title.

Central RV also argues that the Department of Revenue can't issue a rebuilt salvage title to "a travel trailer that never met the definition of a 'salvage vehicle'" under the Kansas statute. But as we've already noted, the definition for "rebuilt salvage vehicle" applies to "a vehicle previously designated a salvage vehicle which is now designated a

rebuilt salvage vehicle." K.S.A. 2018 Supp. 8-197(b)(5). This trailer was previously designated a salvage vehicle by Oregon.

Perhaps there's ambiguity in the statute over whether an out-of-state designation as a salvage vehicle is enough to trigger the "previously designated a salvage vehicle" language in K.S.A. 2018 Supp. 8-197(b)(5)—though nothing in subsection (b)(5) suggests the prior designation must have been made by Kansas officials. But if subsection (b)(5) is ambiguous on that point, it would be appropriate to look at the legislative history. See *In re Paternity of S.M.J. v. Ogle*, 310 Kan. ___, ___, 444 P.3d 997, 999 (2019). We then learn that the goal of this statute was to forbid the sort of title washing that Central RV seeks to accomplish here.

The provisions for salvage and rebuilt-salvage designations for travel trailers were added to K.S.A. 2018 Supp. 8-197 in 2016. L. 2016, ch. 49. The provisions were initially found in Senate Bill 405; those provisions were later adopted after being placed by a conference committee into House Bill 2563. See S.B. 405 (2016); Conference Committee Report on House Bill 2563, March 24, 2016; L. 2016, ch. 49. The legislative history for Senate Bill 405 shows a desire to eliminate the ability to turn salvage titles issued in other states into clean (or washed) titles in Kansas.

Ted Smith, a staff attorney for the Kansas Department of Revenue, noted that the bill had been introduced at the request of that department so that it could "issue salvage brand titles" to travel trailers. He explained that while Kansas law at that time kept someone from washing an out-of-state salvage title of a motor vehicle by bringing it to Kansas, no similar provision applied to travel trailers—which have no motor and thus aren't motor vehicles. Testimony of Ted E. Smith, Kansas Senate Committee on Transportation, February 10, 2016. Don McNeely, president of the Kansas Automobile Dealers Association, also testified in favor to "allow the Kansas Division of Motor Vehicles the ability to carry forward other states' salvage title brands for . . . travel trailers

5

when they are registered in Kansas." Testimony of Don L. McNeely, Kansas Senate Committee on Transportation, February 10, 2016. The Senate committee's minutes noted that "[u]nder current law it is not illegal to obtain a salvage title travel trailer from out-of-state and then obtain a normal Kansas title for the same trailer." Minutes, Kansas Senate Committee on Transportation, February 10, 2016. Senate Bill 405 was designed to change that—and we believe the Legislature succeeded in that effort.

We therefore affirm the district court's judgment.